Cox, J.
(concurring) —
¶33 I concur. I write separately to address additional aspects of the City’s attempt to clear title to its property by use of a sheriff’s sale. Namely, the City seeks to extinguish the subordinate deed of trust held by Bel Air & Briney that encumbers the property.
¶34 The trial court’s amended judgment ordering foreclosure states that
“upon completion of such Sheriff’s Sale, Bel Air & Briney’s Lien upon the Property shall be extinguished and Bel Air & Briney, and any and all persons claiming by, through, or under them, shall be forever barred and foreclosed from any right, title, interest, lien, or estate in and to the [City’s] Property . . . .”[6]
¶35 The question is whether it is proper to use the sheriff’s sale statutes to extinguish the hen of the Bel Air & Briney deed of trust against the City’s property. Specifically, may the City enforce its equitable subrogation lien arising from the former Mortgagelt Inc. deed of trust, which has a higher hen priority, against the subordinate Bel Air & Briney deed of trust?
¶36 The majority opinion discusses why the City is entitled to be equitably subrogated to the lien priority of the former Mortgagelt Inc. deed of trust, to the extent the City paid the obligation secured by that encumbrance. Moreover, the opinion correctly concludes that the City is not entitled to foreclose its equitable subrogation hen due to prejudice to Bel Air & Briney.
*184 ¶37 In seeking to obtain clear title to its property in this case, the City ignores the fact that it holds two distinct interests in its property. First, it holds title to the property by virtue of the deed from Ms. Hoang Tran, the former owner. Second, it also holds a first hen by equitable subrogation because it paid off the obligation to Mortgagelt Inc., which was secured by a deed of trust held by that lender. Distinct rights are associated with these distinct property interests.
¶38 These distinct interests in the property do not merge, as the City properly concedes. As the City correctly states, “[T]he merger doctrine [does not] defeat the equitable subrogation rights of the City of Kent.”[7] Specifically, because merger is a question of intent, there is a presumption that the City did not intend its two interests in the property to merge. This is consistent with long-standing case law:
[T]he existence of a junior, or intervening, encumbrance or equity will, in the absence of a showing of an intention to the contrary, prevent a merger of a prior mortgage in the fee, where the continued existence of the mortgage is necessary to protect the mortgagee against the intervening, junior claims.[8]
¶39 Any right to clear title that the City may have arises from its interest as the holder of title to the property. This stems from the warranties arising from the statutory warranty deed that Ms. Tran, the former owner of the property, presumably signed and delivered at the closing of the sale.[9]
¶40 Of course, Bel Air & Briney was not a party to the deed given by Ms. Tran. And Bel Air & Briney never represented to the City that title to the property was clear of encumbrances. To the contrary, Bel Air & Briney always claimed the property was subject to its deed of trust.
*185 ¶41 Accordingly, the claim of a right to clear title by the City primarily arises from its status as title holder to the property. This status is distinct from the grant of an equitable subrogation lien against its property. It is the status of hen holder that would, ordinarily, permit foreclosure under the sheriff’s sale statutes. The status of title holder does not. There simply is no authority for the City to use the sheriff’s sale statutes to extinguish the lien of Bel Air & Briney’s deed of trust against the City’s property under the circumstances of this case.
¶42 For the reasons discussed in the majority opinion and here, I concur.
Review denied at 185 Wn.2d 1008 (2016).

 Clerk’s Papers at 410-11 (emphasis added).

 Respondent’s Statement of Additional Authorities Pursuant to RAP 10.8, at 1.

 Gill v. Strouf, 5 Wn.2d 426, 431, 105 P.2d 829 (1940).

 RCW 64.04.030(2) (“that the [property is] then free from all encumbrances’’); Ensberg v. Nelson, 178 Wn. App. 879, 886, 320 P.3d 97 (2013), review denied, 180 Wn.2d 1012 (2014).